IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DENZEL MASSENGILL, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 21-1721-CFC |
| KOLAWOLE AKINBAYO, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

### **MEMORANDUM**

I. **BACKGROUND**

Petitioner Denzel Massengill ("Petitioner") has filed papers challenging his pretrial detainment in the Howard R. Young Correctional Institution in Wilmington Delaware. (D.I. 1)  It appears that Petitioner is awaiting a violation of probation hearing, and he contends he is "being illegally detained and imprisoned with no bail reduction in 3 months on a cash bail under false pretenses [in violation of his following rights]: 8th Amendment – cruel and unusual punishment; 6th amendment – fast and speedy trial; and 5th and 14th Amendments – due process rights." (D.I. 1 at 2) Petitioner asks for immediate release by "having the charges against him dismissed with prejudice or at the very least compelling the lower court to grant [him] bail." (D.I. 1 at 3)

II. **LEGAL STANDARDS**

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

1

not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.  As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims.  28 U.S.C. § 2254(a) and (b)(1)(A); see also Rules 1- 2, 28 U.S.C. foll. § 2254.  Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court.  See 28 U.S.C. § 2254(b); Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

### III.    DISCUSSION

After reviewing the instant Petition, the Court concludes that summary dismissal is appropriate.  First, the face of the Petition demonstrates that Petitioner is not custody pursuant to a state court judgment, because he has not yet had his violation of probation hearing concerning the charges for which he is now detained.  Second, Petitioner's request that the Court dismiss all charges against him with prejudice demonstrates that he is seeking the dismissal of all charges against him.  And finally, it

appears that Petitioner has not exhausted his state remedies with respect to his bail issue, and nothing in his Petition demonstrates extraordinary circumstances justifying the Court's interference with a pending state court proceeding without Petitioner having first exhausted state remedies. See Moore, 515 F.2d at 443. Accordingly, the Court will summarily dismiss the instant Petition for failing to present a proper basis for pre-trial habeas relief.

IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: March 7, 2022

_____
Colm F. Connolly
Chief Judge